```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

MICHAEL EVANS, et al., :
: NO. 1:08-CV-00650
     Plaintiffs, :
:
: **OPINION AND ORDER**
  v. :
:
:
WILLIAM N. DEAK, et al., :
:
     Defendants. :
:
:
:

       This matter is before the Court on Plaintiffs' Motion for Default Judgment on Count One of the Amended Complaint (doc. 13). For the reasons stated herein, the Court GRANTS Plaintiffs' Motion, ENTERS Default Judgment on Count One against all Defendants, and AWARDS a total judgment of $656,542.09 plus Plaintiffs' cost of this action.

**I. Background**

       On November 10, 2008, Plaintiffs filed an Amended Complaint against Defendants, alleging, in Count One, breach of the provisions of a Promissory Note (doc. 2). In the Complaint, Plaintiffs alleged that Defendants defaulted their obligations on a Promissory Note, properly executed and delivered to Plaintiffs in the original principal amount of $710,000 (doc. 1). Plaintiffs properly served each Defendant, and no Defendant has replied or otherwise responded to the Amended Complaint, or attempted to

defend the case in any manner, as required by Fed. R. Civ. P. 4 (docs. 4,5,6). On January, 20, 2009, Plaintiffs requested that the Clerk issue an Entry of Default against each Defendant (docs. 7,8,9), and one was entered (docs. 10, 11, 12). Thereafter, Plaintiffs filed the instant motion, moving for Default Judgment against Defendants on Count One of the Amended Complaint for failure to plead in response to the Complaint, specifically seeking judgment in the amount of $656,542.09 plus the costs of this action (doc. 13).

**II. Analysis**

Applying for a default judgment is a two-step procedure under the Federal Rules of Civil Procedure. First, an entry of default must be secured pursuant to Fed. R. Civ. P. 55(a), indicating that the party has failed to defend the action and is therefore in default. This subsection provides that "[w]hen a [defendant] has failed to plead or otherwise defend as provided by these rules" and this failure is brought to the clerk's attention and supported "by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

Once this step has been fulfilled, a plaintiff may proceed for entry of a default judgment in accordance with Fed. R. Civ. P. 55(b). An entry of default judgment requires some affirmation that the person against whom the default judgment is obtained is not (1) "an infant or incompetent person" who is

unrepresented; (2) a member of the armed services who is entitled to protection against default pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix § 401 et seq.; or (3) an officer or agency of the United States. See, e.g., Fed. R. Civ. P. 55(b), (c), (e); Advisory Committee Notes to Fed. R. Civ. P. 55, Supplementary Note. Typically, this requirement is satisfied by the submission of an affidavit by the movant that none of these prohibitions apply in the instant case. Further, Fed. R. Civ. P. 55 differentiates between claims made "for a sum certain or for a sum which can be by computation made certain" and those which may require additional fact finding, analysis, and/or hearings by the Court to establish an appropriate award. Fed. R. Civ. P. 55(a). A judgment award on the former may be entered by the clerk "upon affidavit of the amount due," while an award under the latter must be decided upon by the Court. Id.

As noted above, Plaintiffs have satisfied the first step in obtaining default judgment, as an Entry of Default was entered as to each Defendant on January 20, 2009 (docs. 10,11,12). Plaintiffs submit, through affidavit, that Defendants are not in military service, infants, or incompetent persons (docs. 7,8,9). Further, the posture of this case is such that the Court can properly enter judgment against Defendants, jointly and severally, for the sum certain which Plaintiffs seek. Fed. R. Civ. P. 55(b). The inaction of Defendants show they are ignoring Plaintiffs'

Complaint, that they are in default, not defending this action, and that entry of default judgment is appropriate. Id.  The Court finds default judgment on Count One of the Amended Complaint, for the sum certain of $656,542.09 plus Plaintiffs' costs of the action, appropriate and in the interests of justice.

**III. Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Default Judgment on Count One of the Amended Complaint, ENTERS Default Judgment on Count One against Defendants, jointly and severally, and AWARDS a total judgment of $656,542.09 plus Plaintiffs' cost of this action.

SO ORDERED.

Dated: February 25, 2009      /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge